*2 Admonition issued 20 days - LF*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# CENTRAL DIVISON

*07 MAY -1 PM 1:34*

*CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IA*

| | |
|---|---|
| STUART DANIEL JUAREZ, | ) |
| Plaintiff, | ) |
| | ) 4-07-CV00188 |
| v. | ) CIVIL ACTION FILE No. _____ |
| CITIBANK SOUTH DAKOTA N.A., | ) |
| AND | ) CIVIL ACTION |
| LITOW LAW OFFICE, P.C. | ) |
| Defendant(s) | ) |

## COMPLAINT AND INJURY DEMAND

COMES NOW Plaintiff, Stuart Daniel Juarez, and for his claim against the Defendant(s) states:

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant(s) violations of the Fair Debt Collection Practices Act, 15 U.S.C. Sec. 1692, et seq. (hereinafter "FDCPA") and Iowa Unlawful Debt Collection Practices Act, Iowa Code Sec.537.7103, et seq. (hereinafter "State Act"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair     practices.

### II. JURSIDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. Sec. 1692k(d), 28 U.S.C. Sec. 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. Sec. 1367. Declaratory relief is available pursuant to 28 U.S.C. Sec 2201 and 2202, as there is existence of federal question which supplies this court with jurisdiction. Venue in this District is proper in

that the Defendant(s) transacted business within the jurisdiction of this Court and the conduct complained of occurred within the jurisdiction of this Court.

### III. PARTIES

3. Plaintiff, Stuart Daniel Juarez, (hereinafter "Petitioner") is a natural born citizen of the United States of America and a person residing in Polk County, Iowa. Petitioners' address is 1125 SW Frazier Avenue Des Moines, Iowa 50315 and telephone number of (515) 577-8214.

4. Defendant, Litow Law Offices, P.C. (hereinafter "Litow") is a law firm engaged in the the business of collecting debts within the State of Iowa with its principal place of business located at 1847 E Avenue NE Cedar Rapids, Iowa with a business mailing address of P.O. Box 2165 Cedar Rapids, IA 52406-2165 and a business telephone number of (319) 362-3000.

5. Defendant, Litow, is a "debt collector" as defined by the FDCPA, 15 U.S.C. Sec. 1692a(6).

6. Defendant, Citibank South Dakota N.A., (hereinafter "Citibank") is a creditor engaged in extending credit through credit card agreements within the state. Defendant, Citibank, has a Debt Collection Office located in Kansas City Missouri with a mailing address of P.O. Box 20523 Kansas City MO 64195, this Petitioner has no telephone number for this Defendant, Citibank.

7. Defendant, Citibank, has a debt collection unit know as Internal Recovery Unit, (hereinafter "IRU"), therefore Citibank and its IRU are "debt collector" in this action as defined by the FDCPA, 15 U.S.C. Sec. 1692a(6).

### IV. FACTUAL ALLEGATIONS

8. Plaintiff, Stuart Daniel Juarez, had a credit card with Defendant, Citibank, with the account number of 5466 1600 3820 3335. Plaintiff was the only person responsible for the account. Plaintiff submitted a dispute letter sent on or about 15 October 2005 (certified mail

#7004 1160 0005 9414 7528) due to Defendant, Citibank, lack of response over the phone. Dispute letter contained Plaintiffs name, account number, amount in dispute, and stated that an error of an accounting nature was believed to have occurred. Letter was received on or about October 18th 2005.

**9.** No required response was received by Petitioner.

**10.** A second letter (certified mail #7005 1160 0005 3867 1231) was sent on or about December 13th 2005 asking Defendant, Citibank, to respond accordingly before they were considered in noncompliance and asked them to complete there required investigation. Letter was received on or about December 14th 2005.

**11.** No required response was received by Petitioner.

**12.** On 23rd day of January 2006 Petitioner received his three credit reports and found that Defendant, Citibank, was misreporting account information to all three credit reporting agencies. Defendant, Citibank, was reporting that this account was delinquent and pass due instead of in dispute as required by Law.

**13.** That on or about January 27th 2006 Petitioner sent a letter (certified mail #7005 1160 0005 3867 1286) to Defendant, Citibank, notifying them of the following violations:

    A. Title 12 Code of Federal Regulations (CFR) sec. 22613(d)(1) which says "pending the outcome of a billing error dispute investigation collection action is prohibited and a consumer need not pay any amount believed to be in error."

    B. Title 12 CFR section 226.12(c)(2) "adverse credit reporting prohibited"

    C. Title 12 CFR 226.12(c)(1) states that "the card issuer shall not report that amount as delinquent until the dispute is settled or judgment rendered."

    D. Title 15 of U.S.C. Sec. 1681(c)(e)(f) states that "card issuer may not report fraudulent information."

E. Title 15 U.S.C. Sec 1666(c)(i) which "prohibits card issuer from closing the account for non-payment of believed disputed amount."

This letter was received on or about January 29th 2006.

**14.** No required response was received by Petitioner from Defendant, Citibank.

**15.** On or about September 26th 2006 Defendant, Litow, filed a small claims law suit against this account. Along with the notice of suit was a letter that stated, "Even though you have been served, this matter can still be resolved without court intervention. Please call our office at 1-800-617-7593 to remedy this matter and avoid the expense and time of appearing in court. Should judgment be rendered in our client's favor, a resolution can prevent the garnishment of your wages or bank accounts and the placement of a judgment lien against any real property you may own." Which is an intentional infliction of mental distress and coercion into settlement of a believed disputed account by this Petitioner with Defendant, Citibank.

**16.** The hiring by Defendant, Citibank, was a willful act and acceptance of the practices of Defendant, Litow, which are a tortious interference with contractual relations which broke contractual obligations and legal obligation to investigate and settle this matter in good faith. This caused damage to the relationship between contracting parties as well as an intentional intrusion of Petitioners' privacy and misrepresentation of an attorney to file suit gives image of advantageous misrepresentation that was and is designed to force a settlement of a dispute that was not responded to as required by Law.

**17.** The refusal to provide a proper notice to cure and allow Petitioner to exercise his rights to dispute and have results of an investigation of that dispute returned is an intentional infliction of mental distress upon Petitioner, as well as a violation of Law.

**18.** A letter was sent by Defendant, Litow, on behalf of Defendant, Citibank, that stated that Defendant, Litow, was an attorneys office that had been retained on behalf of Defendant,

Citibank, and that this matter was in default and is now due. The letter did not state that any attorney actually reviewed the particulars circumstances of the account nor was any diligent review of alleged account made prior to sending the form letter demanding payment. Furthermore, it would have been readily apparent and was made apparent by Petitioner that Petitioner was engaged in the dispute resolutions process and awaiting required responses from Defendant, Citibank, and that there was to be NO further contact made. Despite this several phone attempts were made. Despite any "disclaimers" referenced in any letter or phone call, the fact is that any letter sent or phone call made was and is intended to, and did, create the impression that the account had been turned over to an attorney who would proceed with further collection action against Petitioner if payment was not received.

**19.** Defendant, Litow, was advised that Petitioner was not obligated to pay account or settle account until such time as Defendant, Citibank, responded as required by Law. The impression and information Petitioner received was that Defendant, Litow, "did not work that way" and Defendant, Litow, continued to demand payment.

**20.** On September 26th 2006, Defendant, Litow, filed a lawsuit against Petitioner, Stuart Daniel Juarez, in Polk County District Court Small Claims Division SC No. 425348 seeking $3,182.63 plus future interest at the statutory rate and costs. In addition to the fact that the lawsuit was totally baseless, the demand was made based on Petitioner failure to make payments on a credit card account that are not required by Law to Defendant, Citibank.

**21.** Repeated request for verification from Defendant, Citibank, and Defendant, Litow, have gone unanswered and NO verification was provided to this Petitioner prior to any attempt being made at collection of this account. It is a little outrageous for Defendant, Citibank, and Defendant, Litow, to file a lawsuit rather than comply with reasonable request required by Law.

**22.** Neither Defendant, Litow nor Citibank, ever produced any documentation prior to

filing suit that Petitioner was obligated on the account. Instead Defendants, Litow and Citibank, utilized fatally flawed evidence and two different credit card agreements as well as hear say testimony to prejudice this pro se in small claims court.

## V. FIRST CLAIM FOR RELIEF

**23.** All facts and allegations of this Complaint are re-alleged and incorporated herein by reference.

**24.** Defendant, Litow, violated the FDCPA. Defendant's violation include, but are not limited to, the following are cause for this action:

   A. Defendant violated 15 U.S.C. Sec. 1692c(a)(2) by contacting Petitioner on behalf of Defendant, Citibank, when the Defendant, Litow, knew or should have known that Petitioner was awaiting a required answer and that collection action was prohibited by Law.

   B. Defendant, Litow, violated 15 U.S.C. Sec. 1692e by using one or more false, deceptive or misleading representations or means in connection with the collection of an alleged debt.

   C. Defendant, Litow, violation of Title XII of Federal Regulations CFR Sec 226.13(d)(1), Title VIII of 15 USC 1601 and Iowa Code 537.

   D. Defendant, Litow, violation of Consumer Credit Protection Act (Title VIII of 15 U.S.C. 1601 et. seq.) and Iowa Debt Collection Practices (IDCP) (Section 537.7103 (et. seq.) Iowa Debt Collection Practice Act by making false statement about Petitioner default against said debt Iowa Code section 537.7103(1)(c) by stating that Petitioner was willfully refusing to pay a just debt while Petitioner was engaged in administrative disputes with Citibank of said debt, which is a willfully violation and is prohibited abusive practices by debt collectors to which this action is caused. Iowa Code 537.7103.

## VI. SECOND CLAIM FOR RELIEF

25. All facts and allegations of this Complaint are re-alleged and incorporated herein by reference.

26. For the purposes of the Petitioners' alleged obligation to Defendant, Citibank, Defendant, Citibank, was a "creditor" as defined in Iowa Code 537.7102(2).

27. Petitioners' alleged obligation to Citibank were "debts" as defined by Iowa Code 537.7102(3).

28. With regards to attempts to collect debts from Petitioner as alleged herein, Citibank was a "debt collectors" engaged in "debt collections" as defined by Iowa Code 537.7102(4) and (5).

29. Defendant(s) violated the State Act and Federal Fair Debt Collection Practice Act is cause for this action. The foregoing acts, omissions and practices of Defendant, Litow, and Citibank were violations of Iowa Code 537.7103, including but not limited to:

    A. Defendant(s) violated Iowa Code 537.7103(4)(e) by making an intentional misrepresentation, or a representation that tends to create a false impression of the character, extent or amount of a debt, or of its status in a legal preceding;

    B. Defendant(s) violated Iowa Code 537.7103(5)(d) by the attempt to collect amounts not expressly authorized by the agreement creating the obligation and that were legally chargeable to the alleged debtor, or were otherwise legally chargeable;

    C. Defendant(s) violated of the Fair Credit Reporting Act, 15 U.S.C. Sec. 1681, et. Seq.

    D. Defendant(s) violated Iowa Code 537.7103(5)(e) by making a communication with debtor when Defendant(s) knew that the alleged debtor had made notification to cease communication.

30. As a proximate result of the unfair debt collection actions and failures to provide

reasonable and timely answers to Petitioner request he has suffered actual damages and injury including, but by NO means limited to aggravation, inconvenience, and emotional distress, limitation of normal business and credit denial / reduction / termination for which he should be compensated in an amount to be proven at trail.

**WHEREFORE**, Petitioner respectfully requests that judgment be entered against the Defendant(s) for Intentional Infliction of Mental Distress, Tortious Interference and Misrepresentation. Petitioner respectfully request that an award of general and special compensatory damages in an amount which will fully and fairly compensate Petitioner, and punitive damages in excess of Twenty Thousand Dollars ($20,000.00) be award Petitioner pre-judgment interest, award Petitioners fees, and for such further relief as the Court deems just and equitable for the following reason but not limited to:

    A. Actual damages against both Defendant(s).

    B. Statutory damages pursuant to 15 U.S.C. Sec. 1692k against Defendant, Litow.

    C. Statutory Damages pursuant to Iowa Code 537.5201(1) against both Defendants.

    D. Costs and reasonable fees pursuant to 15 U.S.C. Sec. 1692k against both Defendant(s) pursuant to Iowa Code 537.5201(8) (in an amount jointly and severally, but to eliminate double recovery).

    E. For such other relief as the Court or a Jury may deem appropriate in the circumstances.

### VII. JURY DEMAND

Petitioner hereby demands a jury trail on each and every issue in the above captioned matter and for those issues to be brought forth out of the discovery process or as they become known by

Petitioner or that will fairly compensate Petitioner and prevent further violation(s) by Defendant(s).

Respectfully submitted,

_____
Stuart Daniel Juarez, Pro Se Litigant
1125 SW Frazier Avenue
Des Moines, Iowa 50315
(515) 577-8214
Fax (515) 287-4404
StuartDJuarez@mchsi.com

Upon being duly sworn, I, Stuart Daniel Juarez, do depose and state that I am the Petitioner. I, Stuart Daniel Juarez, have caused the Petition to be prepared and I, Stuart Daniel Juarez, believe it to be correct and true to the best of my knowledge.

_____
Stuart Daniel Juarez, Petitioner

State of Iowa
County of Polk
SUBSCRIBED, AND SWORN before me; ___JAN E. HAWKINS___, a Notary Public in and for the State of Iowa, by; Stuart Daniel Juarez, who is personally known to me or proved to me by reasonable means to be the above named individual this __1st__ day of May, 2007.

JAN E. HAWKINS
Commission Number 714391
My Commission Expires
1-9-08

___Jan E. Hawkins___
Notary Public Signature

(seal or stamp)
My Commission No. is: __714391__         Expires: __1-9-08__

### CERTIFACTE OF FILING

I, Stuart Daniel Juarez, (Plaintiff Pro Se) hereby certify that on May __1st__ 2007, I personally, filed the attached Civil Action by hand delivering it to the Clerk of the U.S. District Court address 123 East Walnut Street Des Moines, Iowa 50309.

_____
Stuart Daniel Juarez, Plaintiff Pro Se
1125 SW Frazier Avenue
Des Moines, Iowa 50315
(515) 577-8214
Fax (515) 287-4404
StuartDJuarez@mchsi.com

## CERTIFIACTE OF SERVICE

I, Stuart Daniel Juarez, (Plaintiff Pro Se) hereby certify that I will have caused to be served one (1) Court dated stamped original notice of this civil action to be mailed by US Restricted Certified Mail Delivery by a third party or delivered by hand to Defendant, Litow, and Defendant, Citibank to the following addresses:

Litow Law Office P.C.
P.O. Box 2165
Cedar Rapids, Iowa 52406-2165

and

Citibank South Dakota N.A.
Internal Recovery Unit
P.O. Box 20523
Kansas City MO 64195

Proof of Service to be filed upon completion.

Stuart Daniel Juarez
1125 SW Frazier Avenue
Des Moines, Iowa 50315
(515) 577-8214
Pro Se Litigant